BLD-157                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3090
_____

NUR QADR,
aka Jeffrey Pratt


v.

MR. MICHAEL OVERMYER, Superintendent;
MR. OBERLANDER, Deputy Supt;
DEPUTY J. HORTON, Deputy Facility Manager;
MR. DOMBROSKI, Acting Corrections Classification Program Manager;
MR. WILLIAM COLE, Corrections Classification Program Manager;
MS. C. KENNEDY, Grievance Coordinator;
MS. SEIGAL, Grievance Coordinator; JOHN DOE, Food Service Manager;
MR. MCQUOWN, Facility Chaplain Program Director;
JOHN/JANE DOE, Corrections Healthcare Administrator;
MS. SMITH, RN, Infectious Nurse;
DOCTOR HAVEWOOD, Healthcare Provider

NUR QADR,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-14-cv-00123)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
February 25, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

_____

OPINION[*]

_____

PER CURIAM

Appellant Jeffrey Pratt, also known as Nur Qadr, appeals from the District Court's dismissal of his complaint for failure to prosecute. Qadr filed a pro se complaint in January 2015 alleging that Appellees violated his civil rights under 28 U.S.C. § 1981 and § 1985 for (1) failing to accommodate his religion by (a) refusing to recognize his name change and (b) refusing to provide him with a religious diet, (2) failing to change his "classification," (3) failing to answer his appeals, and (4) failing to provide medical treatment for his unspecified chronic illness. D.C. dkt # 20 at 2. Appellees moved to dismiss for failure to state a claim. The Magistrate Judge issued an order in January 2015 directing him to provide the names and service instructions for each of the Appellees. The Magistrate Judge also advised him that the failure to do so by Febuary 5, 2015 would result in a dismissal of the action for failure to prosecute. Appellant failed to comply with the Court's order. Mail addressed to Appellant was repeatedly returned to the District Court because Appellant refused to accept mail from the Court addressed to his legal name, Jeffrey Pratt. Giving him a second chance to comply, the Magistrate Judge issued a second order on March 2, 2015, extending the deadline for providing this

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

required information to March 16, 2015. Appellant again failed to comply. The Magistrate Judge issued an order on March 6, 2015, directing Appellant to use his legal name until he had changed his name, but Appellant did not comply with this order either. Concluding that Appellant's failure to comply with court orders was preventing the case from moving forward, the Magistrate Judge issued an order to show cause why the case should not be dismissed. After Qadr failed to respond, the Magistrate Judge issued three Report and Recommendations recommending that the case be dismissed for failure to prosecute. Qadr failed to file objections, and the District Court dismissed the complaint. This appeal followed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We will summarily affirm the District Court's order where there is no substantial question presented by the appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. We review a district court's order dismissing an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) for an abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). Generally, a court must consider several factors before deciding whether to grant a defendant's motion to dismiss for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and respond to discovery; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney has been willful or in bad faith; (5)

3

whether effective alternative sanctions are available; and (6) the merit of the claim or the defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" or "mechanical calculation" for balancing the Poulis factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint. Briscoe, 538 at 263.

The District Court correctly concluded that the Poulis factors weighed heavily against Qadr. As the Court held, he repeatedly failed to comply with or respond to court orders, and failed to respond to the Appellees' motion to dismiss, demonstrating that he shirked his personal responsibilities and that he had a history of dilatoriness. The Court correctly concluded that his actions were willful based on the fact that he refused to accept mail addressed to his legal name, which prevented the case from moving forward. Because Appellant had filed this action without the payment of the required filing fee, dismissal would be more effective than monetary sanctions. The Court also correctly concluded that his actions caused little prejudice to Appellees beyond the expense of filing to the motion to dismiss. The Court concluded that it was too early in the litigation to determine whether his claim had merit; however, "not all of these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

We have warned that a district court dismissing a case sua sponte "should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision." Briscoe, 538 F.3d at 258. In such cases, a district court

"should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte." Id. There is every indication that the District Court did so here. The Court went beyond its obligations to give Appellant the opportunity to comply with its orders by extending the deadline for Qadr to provide Appellees' service information. The Court even went so far as to address legal materials to his legal name and his chosen name, once it was aware that he was refusing to receive mail addressed to his legal name. It then ordered Appellant to legally change his name in order to proceed in this litigation with that name. This was all to no avail. The Court therefore did not abuse its discretion in dismissing his action for failure to prosecute.

Because this appeal presents no substantial question, we will affirm.